## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

OBERWEIS DAIRY, INC.,

     Plaintiff,

 v.

DEMOCRATIC CONGRESSIONAL
CAMPAIGN COMMITTEE, INC.,

     Defendant.

Case No. _____

FILED: JULY 31, 2008
08CV4345
JUDGE LEINENWEBER
MAGISTRATE JUDGE KEYS

AEE

### NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant, Democratic Congressional Campaign Committee, Inc. ("DCCC"), pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, hereby removes the state court action entitled *Oberweis Dairy, Inc. v. Democratic Congressional Campaign Committee, Inc.*, Civil Action No. 08 L 122, filed in the Circuit Court of the 16th Judicial Circuit, Kane County, Illinois (the "Action"). The Action is removable because the amount in controversy exceeds $75,000 and there is complete diversity of citizenship between the parties. In support of removal, DCCC states as follows:

### ***Background***

1.  Plaintiff Oberweis Dairy, Inc. ("Oberweis Dairy") commenced the Action against DCCC on March 6, 2008, filing a one-count Complaint for false light invasion of privacy. Oberweis Dairy alleges that the DCCC ran television, radio and print advertisements in an effort to damage Jim Oberweis' reputation during his campaign for federal office, and that these ads placed Oberweis Dairy in a false light. DCCC was served with the Summons and Complaint on April 18, 2008. Summons and Complaint attached as Exhibit A.

2.      Thereafter, the parties communicated regarding a possible settlement of this matter and the time for DCCC to answer or otherwise plead to the Complaint was extended twice. May 22, 2008 and June 19, 2008 Orders attached as Exhibit B.

3.      On July 10, 2008, DCCC filed its Motion to Dismiss Pursuant to 735 ILCS 5/2-615. Motion to Dismiss attached as Exhibit C. As of the filing of this Notice, the Motion to Dismiss has not yet been ruled upon by the Circuit Court of Kane County, nor has Oberweis Dairy filed a response. Also on July 10, 2008, DCCC filed a Motion to Substitute as of Right. Motion to Substitute attached as Exhibit D. On July 22, 2008, the matter was re-assigned to a different judge in Kane County and a case management hearing was set for September 18, 2008. July 22, 2008 Orders attached as Exhibit E.

### *The Amount In Controversy Exceeds $75,000*

4.      In the Complaint, Oberweis Dairy makes only vague allegations as to its damages, alleging only general damage to its reputation, Ex. A, Complaint at ¶ 8, and demanding "[c]ompensatory damages in a sum exceeding $50,000 for damages resulting from past publications." *Id.,* p. 3 at Wherefore clause. Therefore, it is not apparent from the Complaint that the amount in controversy exceeds $75,000.

5.      On July 7, 2008, however, DCCC received a settlement demand from Plaintiff, demanding, among other things, $100,000 to settle the matter. Settlement demand letter attached as Exhibit F. This was the first time that DCCC could reasonably ascertain that the amount in controversy exceeded $75,000.

6.      This Notice of removal is being filed within thirty (30) days after the receipt of the settlement demand from Oberweis Dairy and, therefore, is timely filed pursuant to 28 U.S.C. § 1446(b).

### *There Is Complete Diversity Of Citizenship Between The Parties*

7.    Additionally, there is complete diversity of citizenship between the parties. As of the time of filing the Complaint and filing this Notice, Plaintiff Oberweis Dairy is incorporated in, and has it principal place of business in, Illinois. Ex. A, Complaint at ¶ 1. As of the time of filing the Complaint and filing this Notice, Defendant DCCC is incorporated in, and has its principal place of business in, Washington, D.C. Declaration of Kristie Mark attached as Exhibit G.

8.    Pursuant to 28 U.S.C. § 1446(a), DCCC has attached hereto copies of all process, pleadings and orders served upon it in the Action.

WHEREFORE, Defendant, Democratic Congressional Campaign Committee, Inc. respectfully removes this Action from the Circuit Court of the 16th Judicial Circuit, Kane County, Illinois, No. 08 L 122, to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

Dated: July 31, 2008

> DEMOCRATIC CONGRESSIONAL
> CAMPAIGN COMMITTEE, INC.,
>
>
> By:___/s/ Amanda E. Adrian_____
>          One of Its Attorneys

C. Vincent Maloney (ARDC # 06196631)
Amanda E. Adrian (ARDC # 06282419)
**PERKINS COIE LLP**
131 South Dearborn Street
Suite No. 1700
Chicago, Illinois 60603
Tel: (312) 324-8400
Fax: (312) 324-9400

3

# EXHIBIT A

# IN THE CIRCUIT COURT OF THE SIXTEENTH JUDICIAL CIRCUIT
## KANE COUNTY, ILLINOIS

Case No. **08 L 122**

| | | |
|---|---|---|
| **Oberweis Dairy, Inc.** | **Democratic Congressional Champaign Committee, Inc.** | |
| Plaintiff(s) | Defendant(s) | |
| SERVE THIS DEFENDANT AT:<br><br>Name: c/o Amy Gilbert<br><br>Address: 2201 Wisconsin Avenue, N.W. #320<br><br>City, State & Zip: Wahington, DC 20007 | | File Stamp |

Amount Claimed $ ~~50,000.00 +~~

| | |
|---|---|
| Pltf. Atty **Thomas G. DiCianni** | Add. Pltf. Atty _____ |
| Atty. Registration No. **3127041** | Atty. Registration No. _____ |
| Address **140 S. Dearborn, 6th Floor** | Address _____ |
| City, State and Zip **Chicago, IL 60603** | City, State and Zip _____ |

## SUMMONS

To the above named defendant(s):

☐     A. You are hereby summoned and required to appear before this court in room _____ of the _____ at _____ m. on _____ to answer the complaint in this case, a copy of which is hereto attached. If you fail to do so, a judgment by default may be entered against you for the relief asked in the complaint.

☑     B. You are hereby summoned and required to file an answer in this case or otherwise file your appearance, in the Office of the Clerk of this Court, within 30 days after service of this summons, exclusive of the day of service. If you fail to do so, judgment or decree by default may be taken against you for the relief prayed in the complaint.

☐     C. You are further Notified that a dissolution action stay is in full force and effect upon service of this summons. The Conditions of stay are set forth on page two (2) of this summons, and are applicable to the parties as set forth in the statute.

### TO THE SHERIFF OR OTHER PROCESS SERVER:

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. In the event that paragraph A of this summons is applicable, this summons may not be served less than three days before the day for appearance. If service cannot be made, this summons shall be returned so endorsed.

This summons may not be served later than 30 days after its date if paragraph B is applicable.

DATE OF SERVICE _____
(To be inserted by process server on copy left with the defendant or other person)

MAR - 6 2008

WITNESS, _____ (date)

_____
Clerk of Court

Form 166-A (7/01)               Original - Service

## NOTICE TO DEFENDANTS – Pursuant to Supreme Court Rule

In a civil action for money (excess of $15,000) in which the summons requires your appearance on a specified day, you may enter your appearance as follows:

1. You may enter your appearance prior to the time specified in the summons by filing a written appearance, answer or motion in person or by attorney to the Office of the Kane County Circuit Clerk, 540 S. Randall Rd., St. Charles, IL 60174.

2. You may enter your appearance at the time and place specified in the summons by making your presence known to the Judge when your case is called.

In either event YOU MUST APPEAR IN PERSON OR BY ATTORNEY at the time and place specified in the summons or a default Judgment will be entered against you.

When you appear in Court, the Judge will require you to enter your appearance in writing, if you have not already done so. Your written appearance, answer, or motion shall state with particularity the address where service of notice or papers may be made upon you or an attorney representing you.

Your case will be heard on the date set forth in the summons unless otherwise ordered by the Court. Only the Court can make this exception. Do not call upon the Circuit Court Clerk or the Sheriff's Office if you feel you will be unable to be present at the time and place specified. Continuances can be granted only on the day set forth in the summons, and then only for good cause shown. You, or someone representing you, MUST APPEAR IN PERSON at the specified time and place and make such a request.

If you owe and desire to pay the claim of the plaintiff before the return date on the summons, notify the plaintiff or his/her attorney if you desire to do so. Request that he/she appear at the time specified and ask for the dismissal of the suit against you. Do not make such a request of the Circuit Court Clerk or the Sheriff, as only the Judge can dismiss a case, and then only with a proper court order which must be entered in open Court.

---

## CONDITIONS OF DISSOLUTION ACTION STAY

### 750 ILCS 5/501.1

### Chapter 40, paragraph 501.1, Illinois Revised Statutes

(a) Upon service of a summons and petition or praecipe filed under the Illinois Marriage and Dissolution of Marriage Act or upon the filing of the respondent's appearance in the proceeding, whichever first occurs, a dissolution action stay shall be in effect against both parties and their agents and employees, without bond or further notice, until a final judgment is entered, the proceeding is dismissed, or until further order of the court:

(1) restraining both parties from physically abusing, harassing, intimidating, striking, or interfering with the personal liberty of the other party or the minor children of either party; and

(2) restraining both parties from removing any minor child or either party from the State of Illinois or from concealing any such child from the other party, without the consent of the other party or an order of the court.

---

Original - Service

**DONALD J. FABIAN**

IN THE CIRCUIT COURT OF THE SIXTEENTH JUDICIAL CIRCUIT
KANE COUNTY, ILLINOIS

OBERWEIS DAIRY, INC.,

       Plaintiff,

    v.

DEMOCRATIC CONGRESSIONAL
CAMPAIGN COMMITTEE, INC.,

       Defendants.

**NOTICE**

BY ORDER OF COURT THIS CASE IS HEREBY
SET FOR CASE MANAGEMENT CONFERENCE
BEFORE THE ABOVE NAMED JUDGE
ON MAY 2 2 2008 , AT
FAILURE TO APPEAR) MAY RESULT IN THE
CASE BEING DISMISSED OR AN ORDER OF
DEFAULT BEING ENTERED

**08 L 122**

## COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

NOW COMES Plaintiff, OBERWEIS DAIRY, INC., by its counsel, ANCEL, GLINK,

DIAMOND, BUSH, DiCIANNI & KRAFTHEFER, P.C., and for its Complaint against Defendant,

DEMOCRATIC CONGRESSIONAL CAMPAIGN COMMITTEE, INC., states the following:

1.    Plaintiff, OBERWEIS DAIRY, INC., is a corporation organized under the laws of the

State of Illinois with its headquarters located in North Aurora, Illinois. Plaintiff operates retail ice

cream and dairy store locations throughout Chicagoland and St. Louis, as well as locations in

Indiana, Wisconsin and Michigan.

2.    DEMOCRATIC CONGRESSIONAL CAMPAIGN COMMITTEE, INC. ("DCCC")

is, upon information and belief, a nonprofit corporation with its headquarters in Washington, DC.

3.    DCCC is an organization which finances and operates political campaigns to elect

Democrats to the United States House of Representatives.

4.    DCCC opposes the election of Jim Oberweis to the United States House of

Representatives from Illinois' 14th District, and supports the election of his opponent, Bill Foster,

for the seat vacated by the resignation of Dennis Hastert.

5.    In an effort to damage Jim Oberweis' reputation, during the 2008 Congressional

campaign, DCCC has repeatedly run television and radio attack adds and a mailer campaign in the State of Illinois, including in Kane County, Illinois, which state, among other things, that illegal immigrants were found working at Plaintiff's dairy stores.

6.    DCCC's television and radio attack adds and mailer campaign have placed Plaintiff in a false light, as DCCC's adds and mailers were intended to, and did, falsely communicate that Plaintiff hired and retained illegal immigrants as employees.

7.    Plaintiff did not, and has not, hired or retained illegal immigrants as employees.

8.    DCCC's television and radio attack adds and mailer campaign have been, and will continue to be, damaging to Plaintiff's business and business relationships, in that its reputation with its customers, clients, vendors, and stockholders has been and will continue to be reduced and diminished by the communication that it hired illegal immigrants to work at Plaintiff's dairy stores.

9.    The false light in which DCCC placed Plaintiff as set forth above is highly offensive to a reasonable person.

10.    DCCC acted with actual malice in publishing its television and radio adds and mailer campaign in that DCCC had knowledge of, or, in the alternative, acted in reckless disregard as to the false light in which Plaintiff has been placed as a result of DCCC's conduct.

11.    Plaintiff has suffered damages as a result of DCCC's conduct, and if Plaintiff is not granted injunctive relief against DCCC it will continue to suffer irreparable damage to its reputation.

WHEREFORE, plaintiff, OBERWEIS DAIRY, INC., requests judgment for the following relief:

A.    An injunction against any further distribution or publication of the radio and television attack adds and mailer;

-2-

B.     Compensatory damages in a sum exceeding $50,000.00 for damages resulting from past publications;

C.     Punitive damages in an amount to be determined by the Court;

D.     Costs of suit.

Respectfully submitted,

By: _Thomas G. DiCianni_

        Thomas G. DiCianni

Thomas G. DiCianni
Jody Knight
ANCEL, GLINK, DIAMOND, BUSH, DICIANNI & KRAFTHEFER, P.C.
140 South Dearborn, 6th Floor
Chicago, Illinois 60603
(312) 782-7606

# EXHIBIT B

# IN THE CIRCUIT COURT OF THE SIXTEENTH JUDICIAL CIRCUIT
## KANE COUNTY, ILLINOIS

Case No. _08 L 122_

| | | |
|---|---|---|
| _Oberweis Dairy Inc_<br>Plaintiff(s) | _Democratic Congressional_<br>Defendant(s) _Campaign Committee, Inc._ | |
| _Ancel Glink — Jody Knight_<br>Plaintiff(s) Atty. | _Perkins Coie_<br>_Krankes Berkin — Steve._<br>Defendant(s) Atty. _Greeley_ | Clerk of the Circuit Court<br>Kane County, IL<br><br>**MAY 2 2 2008**<br><br>FILED<br>ENTERED    **91** |
| Judge _Fabian_ | Court Reporter | Deputy Clerk |
| A copy of this order   ☐ should be sent   ☐ has been sent | | File Stamp |
| ☐ Plaintiff Atty.   ☐ Defense Atty.   ☐ Other | | |

Plaintiff present in Open Court   ☒Yes   ☐ No     Defendant present in Open Court   ☒Yes   ☐ No

## _Agreed_ ORDER

☒ **CONTINUANCE**     ☐ **JUDGMENT**     ☐ **MISC.**

**THE COURT BEING FULLY ADVISED IN THE PREMISES:**

It is ordered:
On motion of _by agreement 6/19 that_
this cause be continued to ~~6/19/08~~

Time _9:00_ a.m. Room No. _310_

Judge _Fabian_

☐ _____ **MUST APPEAR**

For:
☐ Hearing on Motion/Petition For/To:
_____
_____
_____

☐ Default/Judgment
☐ Dismiss/setting
☐ Proof of damages
☐ Trial
☒ Other (describe) _Case Management-Status_

It is ordered as follows:
☐ Dismissed without prejudice and strike pending dates.
☐ Dismissed with prejudice and strike pending dates.
☐ Judgment to enter:
   ☐ By default
   ☐ Upon trial or hearing
   ☐ Defendant having admitted liability
   ☐ Proof of damages made
   ☐ Proof of reasonable attorney's fees made
☐ Strike pending dates
☐ Discharge Rule to Show Cause
☐ Dismiss citation
☐ Alias _____ to issue

In favor of _____
and against _____,
in the amount of $ _____ , costs of
$ _____ and Attorney's fees of
_____

☒ Misc. Orders: _Defendant given 21 days to appear & answer or otherwise plead. Any technical defaults are vacated!!_
_____
_____
_____
_____

Date: _5-22-08_     Judge _____

RECEIPT ACKNOWLEDGED: _____

# IN THE CIRCUIT COURT OF THE SIXTEENTH JUDICIAL CIRCUIT
## KANE COUNTY, ILLINOIS

Case No. _08 L 122_

| | |
|---|---|
| Plaintiff(s) _Sherwin Luny_ | Defendant(s) _Democratic Congressional Campaign Committee_ |
| Plaintiff(s) Atty. | Defendant(s) Atty. |
| Judge | Court Reporter | Deputy Clerk |

A copy of this order ☐ should be sent ☐ has been sent

☐ Plaintiff Atty. ☐ Defense Atty. ☐ Other

Clerk of the Circuit Court
Kane County, IL

JUN 19 2008

File Stamp  110
FILED
ENTERED

## CASE MANAGEMENT ORDER

IT IS HEREBY ORDERED:

DOCKETED

☒ Written discovery shall be completed by: _9-6-08_

☐ All party, lay, and occurrence witnesses shall be deposed by: _____

☐ All medical treating personnel shall be deposed by: _____

☐ Supreme Court Rule 213 and/or other specialized or technical expert opinion witness disclosure is:

　☐ reserved until further order.　☐ scheduled as follows:

　　Plaintiff(s) to disclose by _____ and present for deposition by _____

　　Defendant(s) to disclose by _____ and present for deposition by _____

　　Plaintiff(s) to disclose rebuttal witness(es) by _____ and present for deposition by _____

☐ The filing of motions regarding the pleadings pursuant to 735 ILCS 5/2-615; 735 ILCS 5/2-619; and 735 ILCS 5/2-1005 shall not delay the above ordered orderly progress of discovery.

☒ Further Case Management Conference is continued to: _9/18/08 9:00 am Room 310_ _6/19/08_

☐ Pretrial Conference is scheduled for: _____ at ____ m. in Room____ of the Kane County Courthouse 100 S. Third St. Geneva, Illinois.

☐ Trial Date is set for: _____ (see trial order).

☐ All discovery closed as of: _____ (see trial order).

☒ Other: _Def given 21 days to answer or otherwise plead._

Date: _6-19-08_　　　　　Judge: _____

# EXHIBIT C



IN THE CIRCUIT COURT OF THE SIXTEENTH JUDICIAL CIRCUIT
KANE COUNTY, ILLINOIS

OBERWEIS DAIRY, INC.,

              Plaintiff,

    v.

DEMOCRATIC CONGRESSIONAL
CAMPAIGN COMMITTEE, INC.,

              Defendant.

Case No. 08 L 122

Judge Donald J. Fabian

## DEFENDANT DEMOCRATIC CONGRESSIONAL CAMPAIGN COMMITTEE, INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO 735 ILCS 5/2-615

Defendant, Democratic Congressional Campaign Committee, Inc. ("DCCC"), by and through its attorneys, Perkins Coie LLP and Franks, Gerkin, & McKenna, P.C., moves this Honorable Court to dismiss Plaintiff Oberweis Dairy, Inc.'s ("Oberweis Dairy") Complaint pursuant to 735 ILCS 5/2-615, and in support thereof, states as follows:

### I. INTRODUCTION

Plaintiff, Oberweis Dairy, has filed a one-count Complaint against the DCCC for false light invasion of privacy, and has requested injunctive relief, an unspecified amount of compensatory damages, punitive damages and costs. In its Complaint, Oberweis Dairy has alleged that "DCCC is an organization which finances and operates political campaigns to elect Democrats to the United States House of Representatives." Complaint, ¶ 3. Oberweis Dairy also alleges that "DCCC opposes the election of Jim Oberweis to the United States House of Representatives from Illinois' 14th District, and supports the election of his opponent, Bill Foster, for the seat vacated by resignation of Dennis Hastert." Complaint, ¶ 4.

Oberweis Dairy further alleges that "[i]n an effort to damage **Jim Oberweis'** reputation [not the reputation of Oberweis Dairy], during the 2008 Congressional campaign," DCCC ran various objectionable media spots. Complaint, ¶ 5 (emphasis added). In this context of a highly contested campaign for federal elected office, Oberweis Dairy contends vaguely that it - - not Mr. Oberweis - - was somehow placed in a false light and damaged by the DCCC's television, radio and print ads. Complaint, ¶ 6. Oberweis Dairy has loosely characterized the allegedly offending material as, "among other things," something to the effect that "illegal immigrants were found working at Plaintiff's dairy stores." Complaint, ¶ 5. The Complaint does not allege that any particular statement was false. Rather, it claims that the DCCC "intended to ...communicate" the false impression that Oberweis Dairy "hired and retained illegal immigrants as employees," without identifying any actual statement to that effect. Complaint, ¶ 6. It then denies that Oberweis Dairy ever "hired or retained illegal immigrants as employees." Complaint, ¶ 7.

Plaintiff has also failed to allege how the supposed effort to damage Mr. Oberweis' reputation resulted in any concrete, identifiable harm to Oberweis Dairy. Of course, Mr. Oberweis was a Republican candidate for Illinois' 14th District Congressional seat in March 2008 when Oberweis Dairy filed its Complaint initiating this litigation. Mr. Oberweis remains the Republican candidate after losing a special election in March 2008 to temporarily fill the vacant Congressional seat for the 14th District.

The Complaint must be dismissed based on three pleading defects, each of which provides an independent basis for dismissal under Illinois law. First, Oberweis Dairy, as a corporation, does not have an actionable privacy interest, and thus cannot maintain an action for false light invasion of privacy. Second, Oberweis Dairy has failed to plead the essential

2

elements of a false light invasion of privacy cause of action in that it has not alleged any false statement. Under Illinois law, an actual false statement, and not simply the possibility of misimpression, is necessary to establish false light. Third, even if this Court should find that Plaintiff has identified a false statement, the statement by itself has no defamatory meaning, and therefore Plaintiff must plead special damages, which it has failed to do.

## II. STANDARD FOR DISMISSAL

Section 2-615 provides that a count may be dismissed if it is "substantially insufficient in law." 735 ILCS 5/2-615(a). A complaint is insufficient in law if it fails to set forth "a legally recognized claim as its basis, as well as pleading facts which are cognizable legally." *RBC Mortgage Co. v. Nat'l Union Fire Ins. Co.*, 349 Ill. App. 3d 706, 711 (1st Dist. 2004). Illinois is a fact-pleading state. *See, e.g., City of Chicago v. Beretta U.S.A. Corp.*, 213 Ill. 2d 351, 367-69 (2004). A motion to dismiss pursuant to Section 2-615 "admits all well-pleaded facts together with all reasonable inferences which can be gleaned from those facts," but "do[es] not admit conclusions of law or conclusions of fact unsupported by allegations of specific fact." *Lawson v. City of Chicago*, 278 Ill. App. 3d 628, 634 (1st Dist. 1996).

## III. ARGUMENT

### A. SINCE A CORPORATION DOES NOT POSSESS A RIGHT TO PRIVACY, OBERWEIS DAIRY CANNOT BRING A CLAIM FOR FALSE LIGHT INVASION OF PRIVACY

As set forth in the Restatement of Torts, and adopted by Illinois and other jurisdictions: "A corporation, partnership or unincorporated association has no personal right of privacy. It has therefore no cause of action for any of the four forms of invasion covered by §§ 652B to 652E [including false light]." Restatement (Second) of Torts § 652I (West 2008) (comment c); *American States Ins. Co. v. Capital Assoc.*, 392 F.3d 939, 942 (7th Cir. 2005) (court held insurer had no duty to defend insured in claims brought under the TCPA, and observed that corporations

3

have no privacy interest, citing to Restatement); *Felsher v. University of Evansville*, 755 N.E. 2d 589, 592-95, 601 (Ind. 2001) (court reversed injunction relating to university plaintiff based on invasion of privacy claim, adopting Restatement and holding that university, as corporate entity, has no right to privacy, and noting that its decision was consistent "with an overwhelming majority of other states that have addressed the issue of corporate actions for invasion of privacy"); *Southern Air Transport v. American Broadcasting Cos.*, 670 F. Supp. 38, 42 (D.D.C. 1987) (court adopted Restatement rule and dismissed plaintiff corporation's false light claim based on holding that a corporation has no right to privacy, stating that since "it is the tendency to be highly offensive that forms the gravamen of the false light tort," and since "[a] corporation cannot be offended," a corporation cannot bring suit for false light); *Fibreboard Corp. v. Hartford Accident and Indemnity Co.*, 16 Cal. App. 4th 492, 516 (1st Dist. 1993) (in declaratory judgment action, court adopted restatement and held no coverage for underlying claims of invasion of privacy because those claims were brought by "corporations, partnerships, and public entities, not natural persons" and therefore were not actionable claims, as a matter of law). *See also Scott v. Varga*, Nos. 1320, 22339, 22340, 1970 WL 6955, at *3 (Cir. Ct. Winnebago Cty., July 1, 1970) (court denied defendant corporations' motions to quash subpoenas in part based on a finding that corporate defendants do not enjoy a right to privacy).

While Plaintiff has alleged that the DCCC ran ads in an attempt to harm Jim Oberweis, an individual, the Plaintiff in this action is Oberweis Dairy, not Mr. Oberweis. As Plaintiff itself has alleged, Oberweis Dairy is a corporate entity. Complaint, ¶ 1. Therefore, under Illinois law, it cannot maintain an action for false light invasion of privacy, and the Complaint must be dismissed in its entirety pursuant to 735 ILCS 5/2-615.

## B. ALTERNATIVELY, PLAINTIFF HAS NOT ALLEGED THE MOST BASIC ELEMENT OF A CAUSE OF ACTION FOR FALSE LIGHT INVASION OF PRIVACY - - A FALSE STATEMENT

The Complaint is also fatally flawed because Plaintiff has failed to plead a false statement. Illinois law provides that "[a]bsent some allegation as to what specific statement was false, a claim based on *false* light simply fails to satisfy the most basic element of the cause of action." *Kirchner v. Greene*, 294 Ill. App. 3d 672, 683 (1st Dist. 1998). In *Kirchner*, plaintiff parent sued a newspaper for false light based on columns written about controversial adoption proceedings the parent was involved in, alleging that the columns "intimated" and "asserted" various negative things about him and his child, but not identifying an actual statement that was false. *Id.* at 682. The court dismissed the false light claim because plaintiff failed to allege that any declaration in the columns was false. *Id.* at 683.

Like the plaintiff in *Kirchner*, Oberweis Dairy only vaguely alleges that the DCCC's television, radio and print ads have placed it in a false light by indirectly "communicat[ing]" that Oberweis Dairy employed illegal immigrants. Complaint, ¶ 6. However, Oberweis Dairy identifies no actual statement made by the DCCC, much less any false statement, as required by Illinois law. Plaintiff's Complaint generally characterizes DCCC's allegedly offending statement as "illegal immigrants were found working at Plaintiff's dairy stores," but does not allege that any specific statements made in the campaign ads are false. Complaint, ¶ 5. Indeed, the Complaint, on its face, does not deny that illegal immigrants *were* found working at Oberweis Dairy stores. Thus, like the false light claim in *Kirchner*, Plaintiff's failure to identify

any false statement made by the DCCC renders its false light claim insufficient as a matter of law, and the Complaint must therefore be dismissed.[1]

## C. PLAINTIFF HAS FAILED TO ALLEGE SPECIAL DAMAGES

Lastly, even if this Court finds that Plaintiff has properly alleged a false statement by paraphrasing an unidentified statement by the DCCC as "illegal immigrants were found working at Plaintiff's dairy stores" (the "Paraphrase"), the Complaint must still be dismissed for failure to allege special damages. Under Illinois law, "a claim for false-light invasion of privacy based on language, the defamatory meaning of which can be established only by reference to extrinsic facts, requires the pleading of special damages with particularity." *Schaffer v. Zekman*, 196 Ill. App. 3d 727, 736 (1st Dist. 1990) (dismissal of false light claim brought by county medical examiner against television reporter and station affirmed where extrinsic facts necessary to establish the defamatory meaning of the false statement and plaintiff failed to plead special damages with particularity); *Zucker v. Chicago Tribune Co.*, Nos. 1-02-2394, 3406, 2004 WL 3312757, at *5-7 (1st Dist. 2004) (attorney's false light claim against newspaper dismissed for failure to plead special damages with particularity where statement not defamatory *per se*, and thus extrinsic facts required to establish defamatory meaning). Here, the Paraphrase alleged by Plaintiff requires extrinsic facts in order to establish any defamatory meaning, and Plaintiff must therefore plead special damages with particularity.

---

[1] The requirement of pleading an actual false statement is compelled by First Amendment interests. *See Time, Inc. v. Hill*, 385 U.S. 374 (1967) (extending the Constitutional requirement of proof of knowledge or reckless disregard of falsity of statement to claims for false light). This case shows how important this requirement can be. Oberweis Dairy filed this suit two days before a special election in which Jim Oberweis was running for Congress. At this time, Jim Oberweis remains a candidate for Congress on the November 2008 general election ballot. The suit was plainly crafted to chill discussion of Jim Oberweis' business record and the consistency of his public policy positions in the ongoing campaign.

First, Plaintiff is clearly relying on extrinsic facts because it has not alleged that the Paraphrase falls into any of the five *per se* defamatory categories: "(1) words imputing the commission of a criminal offense; (2) words imputing infection with a loathsome communicable disease; (3) words imputing an inability to perform or want of integrity in the discharge of the duties of office or employment; (4) words which prejudice a party or impute lack of ability in his or her trade, profession or business, and; (5) words imputing adultery or fornication." *Maag v. Illinois Coalition for Jobs*, 368 Ill. App. 3d 844, 849 (5th Dist. 2006). Admitting that the Paraphrase does not have a defamatory meaning *per se*, Plaintiff turns to extrinsic facts, alleging facts about Jim Oberweis and his 2008 Congressional campaign. Complaint, ¶¶ 4-5. Further proving the point, Plaintiff also had to extrapolate the Paraphrase from "illegal immigrants were found working in Plaintiff's diary stores" to "Plaintiff hired and retained illegal immigrants as employees" in order to suggest a defamatory meaning. Complaint, ¶ 8. On its face and standing alone, the Paraphrase is not defamatory, therefore special damages must be plead with particularity.

However, Plaintiff fails to plead any damages with particularity, alleging only vague damage "to its reputation with its customers, clients, vendors, and stockholders" (Complaint, ¶ 8), as well as vague damage to the reputation of Jim Oberweis - - a non-party to this litigation. Complaint, ¶ 5. General allegations, such as damage to reputation, are insufficient to allege special damages. *Salamone v. Hollinger Int'l, Inc.*, 347 Ill. App. 3d 837, 842 (1st Dist. 2004). In *Salamone*, the court applied the same standard to plaintiff's claim for defamation *per quod*, where plaintiff plead damage to reputation, humiliation, embarrassment, loss of customers at his grocery store, sleeplessness, depression and weight loss. *Id.* at 842-43. The court surveyed Illinois cases analyzing what allegations sufficiently constitute special damages, and observed

that general allegations of damage to reputation, even when combined with allegations of lost income or sales, are not specific enough to meet the requirements for pleading special damages. *Id.* at 843-44. Here, Oberweis Dairy does nothing more than generally allege damage to its reputation, without quantifying it in any way or relating it to an actual loss of business or income. Vague allegations regarding the allegedly damaged reputation of Oberweis Dairy and Jim Oberweis clearly do not meet the pleading requirement for special damages under Illinois law. Accordingly, the Complaint must be dismissed.

WHEREFORE, Defendant, Democratic Congressional Campaign Committee, Inc. respectfully requests that the Court dismiss Plaintiff's Complaint in its entirety pursuant to 735 ILCS 5/2-615, and award Defendant such further relief as this Court deems just and proper.

Dated: July 10, 2008

Respectfully submitted,
DEMOCRATIC CONGRESSIONAL
CAMPAIGN COMMITTEE, INC.,

By: _____
One of Its Attorneys

Vince Maloney
Amanda Adrian
**PERKINS COIE LLP**
131 South Dearborn Street
Suite No. 1700
Chicago, Illinois 60603
Tel: (312) 324-8400
Fax: (312) 324-9400
Firm I.D. No. 39225

Jack D. Franks
Steven J. Greeley, Jr.
**FRANKS, GERKIN & MCKENNA, P.C.**
19333 East Grant Highway
Post Office Box 5
Marengo, Illinois 60152
Tel: (815) 923-2107
Firm I.D. No. 31929

# EXHIBIT D

# IN THE CIRCUIT COURT OF THE 16TH JUDICIAL CIRCUIT
## KANE COUNTY, ILLINOIS

OBERWEIS DAIRY, INC.,     )
                     )   No.  08 L 122
            Plaintiff,  )
                     )
  vs.                )
                     )
DEMOCRATIC CONGRESSIONAL   )
CAMPAIGN COMMITTEE, INC.,   )
                     )
           Defendant. )

**COPY**

## MOTION TO SUBSTITUTE AS OF RIGHT

NOW COMES, the Defendant, DEMOCRATIC CONGRESSIONAL CAMPAIGN COMMITTEE, INC., by and through it's attorneys FRANKS, GERKIN & McKENNA, P.C., hereby requests that a substitution of judge as of right be granted as no substitive rulings in this matter have been made by the court.

                              Respectfully Submitted,
                              Franks, Gerkin & McKenna, P.C.

              By:  _____
                    Steven J. Greeley, Jr.

Franks, Gerkin & McKenna, P.C.
Attorneys for Defendant
19333 East Grant Highway, P.O. Box 5
Marengo, Illinois 60152
(815) 923-2107
(815) 923-2114 Facsimile

Perkins Coie, L.L.P.
Attorneys for Defendant
131 South Dearborn St. #1700
Chicago, Illinois 60603
(312) 324-8400
(312) 324-9681 Facsimile

# EXHIBIT E

# IN THE CIRCUIT COURT OF THE SIXTEENTH JUDICIAL CIRCUIT
## KANE COUNTY, ILLINOIS

Case No. _08  L  122_

| | |
|---|---|
| _Oberweis Dairy_ <br> Plaintiff(s) | _Democratic Congressional_ <br> Defendant(s) _Campaign Committee_ |
| _Accel Blink_ <br> Plaintiff(s) Atty. | _Greeley - Franks, Larkin, McKenna_ <br> Defendant(s) Atty. |

Clerk of the Circuit Court
Kane County, IL

JUL 2 2 2008

FILED
ENTERED Stamp    32

| Judge _Fabia L_ | Court Reporter | Deputy Clerk |
|---|---|---|
| A copy of this order | ☒ should be sent | ☐ has been sent |
| ☒ Plaintiff Atty. ☐ Defense Atty. ☐ Other | | |

## CASE MANAGEMENT ORDER

**FILE**

**DOCKETED**

IT IS HEREBY ORDERED:

☐ Written discovery shall be completed by: _____

☐ All party, lay, and occurrence witnesses shall be deposed by: _____

☐ All medical treating personnel shall be deposed by: _____

☐ Supreme Court Rule 213 and/or other specialized or technical expert opinion witness disclosure is:

☐ reserved until further order. ☐ scheduled as follows:

Plaintiff(s) to disclose by _____ and present for deposition by _____

Defendant(s) to disclose by _____ and present for deposition by _____

Plaintiff(s) to disclose rebuttal witness(es) by _____ and present for deposition by

_____

☐ The filing of motions regarding the pleadings pursuant to 735 ILCS 5/2-615; 735 ILCS 5/2-619; and 735 ILCS 5/2-1005 shall not delay the above ordered orderly progress of discovery.

☐ Further Case Management Conference is continued to: _____

☐ Pretrial Conference is scheduled for: _____ at _____ m. in Room_____ of the Kane County Courthouse 100 S. Third St. Geneva, Illinois.

☐ Trial Date is set for: _____ (see trial order).

☐ All discovery closed as of: _____ (see trial order).

☒ Other: _Matter shall be ~~TRANSFERRED~~ PRESIDING to the ~~this~~ judge for reassignment pursuant to the motion by Defendants for Substitution of Judge as of right. Defendants motion to dismiss is continued to a date to be provided by court administration. ~~All~~ are ~~postponed~~ pleading ~~future~~ after reassignment._

Date: _7-22-08_          Judge _[signature]_

# IN THE CIRCUIT COURT OF THE SIXTEENTH JUDICIAL CIRCUIT
## KANE COUNTY, ILLINOIS

Case No. _08 L 122_

| | |
|---|---|
| _Oberweis Dairy_ <br> Plaintiff(s) | _Democratic Congressional Campaign Committee_ <br> Defendant(s) |
| _Ancel Glink_ <br> Plaintiff(s) Atty. | _Perkins Coie Franks, berkin + mckenna_ <br> Defendant(s) Atty. |
| Judge _Colwell_ | Court Reporter | Deputy Clerk |

Clerk of the Circuit Court
Kane County, IL

JUL 2 2 2008

FILED
ENTERED   **32**

File Stamp

A copy of this order ☑ should be sent ☐ has been sent

☑ Plaintiff Atty. ☐ Defense Atty. ☐ Other

Plaintiff present in Open Court ☐ Yes ☑ No        Defendant present in Open Court ☑ Yes ☐ No

## ORDER

☐ **CONTINUANCE**     ☐ **JUDGMENT**     ☑ **MISC**

THE COURT BEING FULLY ADVISED IN THE PREMISES:

It is ordered: <br>
On motion of _Court_ that <br>
this cause be continued to _9/18/08_ <br>
Time _9:30 am_ m. Room No. _110_ <br>
Judge _Colwell_ <br>
☐ _____ **MUST APPEAR**

For:

☐ Hearing on Motion/Petition For/To: <br>
_____

☐ Default/Judgment <br>
☐ Dismiss/setting <br>
☐ Proof of damages <br>
☐ Trial <br>
☑ Other (describe) _Case Management_

It is ordered as follows:

☐ Dismissed without prejudice and strike pending dates. <br>
☐ Dismissed with prejudice and strike pending dates. <br>
☐ Judgment to enter: <br>
  ☐ By default <br>
  ☐ Upon trial or hearing <br>
  ☐ Defendant having admitted liability <br>
  ☐ Proof of damages made <br>
  ☐ Proof of reasonable attorney's fees made <br>
☐ Strike pending dates <br>
☐ Discharge Rule to Show Cause <br>
☐ Dismiss citation <br>
☐ Alias _____ to issue

In favor of _____ <br>
and against _____ , <br>
in the amount of $ _____ , costs of <br>
$ _____ and Attorney's fees of <br>
$ _____ .

**FILE**

☑ Misc. Orders: _Matter is reassigned to Judge Michael J Colwell presiding judge. 9/18/08 date in room 310 is stricken_

_____

_____

_____

Date: _7-22-08_                    Judge: _____

RECEIPT ACKNOWLEDGED: _____

P2 SC 001P (5/04)     White - Clerk     Yellow - Plaintiff     Pink - Defendant     Prtd 01/08

# EXHIBIT F



**Ancel Glink** | DIAMOND BUSH DICIANNI & KRAFTHEFER

A Professional Corporation
140 South Dearborn Street, Suite 600
Chicago, IL 60603
www.ancelglink.com

Thomas G. DiCianni
tdicianni@ancelglink.com
(P) 312.782.7606 Ext. 107
(F) 312.782.0943

July 3, 2008

C. Vincent Maloney
Perkins Coie, LLP
131 South Dearborn Street - Suite 1700
Chicago, IL 60603

**Re:** *Oberweis Dairy, Inc. v. Democratic Congressional Campaign Committee, Inc.*
*Case No. 08 L 122*

Dear Mr. Maloney:

My client, Oberweis Dairy, Inc., makes the following settlement demand regarding the above-mentioned case:

1. The Democratic Congressional Campaign Committee, Inc., (DCCC) issues a public retraction, acceptable in form to Oberweis Dairy, Inc., to be distributed to all major Illinois media outlets. We would discuss the actual language of the retraction, but at a minimum it must advise that the DCCC admits that Oberweis Dairy, Inc., has not and has never made a practice of employing illegal immigrants, that the DCCC had no knowledge of any illegal immigrants being employed by Oberweis Dairy, Inc., at the time that it made the statements giving rise to this lawsuit, and to the DCCC's knowledge, Oberweis Dairy complies with all verification processes required by Federal Law regarding employment of illegal aliens.

2. The DCCC will agree not to run any advertisements or publicly communicate in any way any statement or suggestion that Oberweis Dairy, Inc., has done anything illegal or unethical and will not in any way disparage the good will and reputation of the company;

3. The DCCC will pay Oberweis Dairy, Inc., $100,000 to compensate for the damage done to the company's business reputation and good will as a result of the DCCC's wrongful advertisements. Oberweis Dairy, Inc. will accept this amount in settlement even though it compensates the company for only a fraction of the damage done to it from the DCCC's public statements.

ANCEL, GLINK, DIAMOND, BUSH, DiCIANNI & KRAFTHEFER, P.C.

July 3, 2008
Page 2

Thank you for your attention to this matter.

Sincerely,

Thomas G. DiCianni

# EXHIBIT G

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

|  |  |
|---|---|
| OBERWEIS DAIRY, INC.,<br><br>               Plaintiff,<br><br>   v.<br><br>DEMOCRATIC CONGRESSIONAL<br>CAMPAIGN COMMITTEE, INC.,<br><br>               Defendant. | Case No. _____ |

### DECLARATION OF KRISTIE MARK

I, Kristie Mark, declare under oath as follows:

    1.    I am over the age of twenty-one and make this declaration based upon my own personal knowledge.

    2.    I have been employed by The Democratic Congressional Campaign Committee, Inc. ("DCCC") since approximately 2003 and currently hold the position of Chief Operating Officer and Secretary of the Corporation.

    3.    From 1982 through the present, DCCC has been incorporated in Washington, D.C. and has had its principal place of business in Washington, D.C.

    4.    I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 29th, 2008.

                                  Kristie Mark<br>                                  Chief Operating Officer and<br>                                  Secretary

## CERTIFICATE OF SERVICE

I, Amanda E. Adrian, an attorney, certify that I caused to be served upon the party named below true and correct copies of the **NOTICE OF REMOVAL, CIVIL COVER SHEET, APPEARANCES** and **LOCAL RULE 3.2 STATEMENT OF DISCLOSURE**, via U.S. mail, first class postage-prepaid, from 131 South Dearborn, Suite No. 1700, Chicago, Illinois 60603 on the 31st day of July, 2008:

> Thomas DiCianni
> Ancel, Glink, Diamond, Bush,
> DiCianni & Krafthefer, P.C.
> 140 South Dearborn Street, 6th Floor
> Chicago, Illinois 60603

/s/ Amanda E. Adrian