**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

OBERWEIS DAIRY, INC.,

                    **Plaintiff,**

      **v.**

DEMOCRATIC CONGRESSIONAL
CAMPAIGN COMMITTEE, INC.,

                  **Defendant.**

**Case No. 08 C 4345**

**Hon. Harry D. Leinenweber**

## MEMORANDUM OPINION AND ORDER

Before the Court is the Defendant's Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, Defendant's Motion is Granted.

### I.  BACKGROUND

Oberweis Dairy, Inc. (hereinafter, the "Plaintiff"), an Illinois corporation, filed suit against the Democratic Congressional Campaign Committee, Inc. (hereinafter, the "Defendant"), in the Circuit Court of Kane County, Illinois, for false light invasion of privacy over a statement Defendant allegedly transmitted, through political advertisements, that "illegal immigrants were found working at plaintiff's dairy stores." Plaintiff maintains that this statement was intended to, and did, falsely communicate that Plaintiff hired and retained illegal immigrants as employees. Before the case was removed to

this Court on July 31, 2008, Defendant moved the Circuit Court to dismiss the Complaint on three grounds: (1) a corporation has no standing to sue for false light invasion of privacy, (2) the Complaint fails to identify any false statement made by Defendant, and (3) Plaintiff failed to plead requisite special damages. Because Defendant's first challenge to the Complaint is dispositive, the Court need not address Defendant's remaining challenges.

## II. ANALYSIS

On a Rule 12(b)(6) motion to dismiss, the Court accepts all well-pleaded allegations in the Complaint as true, and views the allegations in the light most favorable to the plaintiff, drawing all reasonable inferences in the plaintiff's favor. *Bontkowski v. First Nat. Bank of Cicero*, 998 F.2d 459, 461 (7th Cir., 1993). "A complaint must always . . . allege 'enough facts to state a claim to relief that is plausible on its face.' " *Limestone Development Corp. v. Village of Lemont, Ill.,* 520 F.3d 797, 803 (7th Cir., 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007)). To avoid dismissal, the "allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'" *E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir., 2007) (citing *Bell Atlantic*, 127 S.Ct. at 1965).

The Defendant moves to dismiss Plaintiff's false light claim on the basis that corporations lack standing to sue for false light and the Court agrees. The parties acknowledge in their briefs that Illinois law controls Plaintiff's claim and, although Defendant has not pointed to any Illinois case that expressly holds that corporations lack standing to sue for false light, neither has Plaintiff cited *any* cases holding that corporations do have standing to sue for false light.

The single case Plaintiff cites in support of its position, *Pullman Standard Car Mfg. Co. v. Local Union No. 2928 of United Steelworkers of America*, 152 F.2d 493 (7th Cir., 1945), is a libel case recognizing that a corporation's business reputation is protected by law. But the tort of false light invasion of privacy does not protect a party's reputation; it protects an individual's personal privacy interest to be free from false publicity. *See Restatement (Second) of Torts* § 652E cmt. b (1977). Corporations do not have such a privacy interest. *See American States Ins. Co. v. Capital Associates of Jackson County, Inc.*, 392 F.3d 939 (7th Cir., 2004); *Restatement (Second) of Torts* § 652I cmt. c (1977).

The Illinois Supreme Court relies heavily on the *Restatement* for the definition and elements of a false light claim. *See Eberhardt v. Morgan Stanley Dean Witter Trust FSB*, No. 00-3303, 2001 WL 111024 (N.D.Ill., Feb. 2, 2001); *Lovgren v. Citizens First Nat. Bank of Princeton*, 534 N.E.2d 987, 990 (Ill., 1989) (citing to

*Restatement (Second) of Torts* § 625E cmt. c (1977)). The *Restatement* has long recognized that corporations do not have standing to sue for false light. *Restatement (Second) of Torts* § 652I and cmt. c (1977) ("A corporation . . . has no personal right of privacy. It has therefore no cause of action for any of the four forms of invasion covered by §§ 652B to 652E."). Several jurisdictions beyond Illinois also rely on the *Restatement's* privacy tort formulations and hold that corporations lack standing to sue for such torts. *See Felsher v. University of Evansville*, 755 N.E.2d 589 (Ind., 2001); *Southern Air Transport, Inc. v. American Broadcasting Companies, Inc.*, 670 F.Supp. 38 (D.D.C., 1987); *Fibreboard Corp. v. Hartford Accident and Indemnity Co.*, 20 Cal.Rptr.2d 376 (Cal.App. 1 Dist., 1993). Even in jurisdictions not relying on the *Restatement*, courts have found that corporations lack standing to sue for privacy torts, including false light. *See, e.g., Seidl v. Greentree Mortg. Co.*, 30 F.Supp.2d 1292 (D.Colo., 1998); *CNA Financial Corp. v. Local 743 of Intern. Broth. of Teamsters, Chauffeurs, Warehousemen and Helpers of America*, 515 F.Supp. 942 (N.D.Ill., 1981) (citing California, New York, Pennsylvania and Kentucky law).

The Court finds that, because Illinois has adopted the *Restatement's* definition of a false light claim which excludes corporations from standing to assert such a claim, considerable authority from other jurisdictions has declined to recognize a

corporation's false light claim, and Plaintiff has cited no authority supporting such a claim, the Supreme Court of Illinois would hold that Plaintiff has failed to state a claim under Illinois law.

## CONCLUSION

For the reasons stated herein, the Defendant's Motion to Dismiss is Granted.

**IT IS SO ORDERED.**

_____
Harry D. Leinenweber, Judge
United States District Court

**DATE:** 3/11/2009